A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                      MDL No. 2873

**TRANSFER ORDER**

**Before the Panel:**[*] The State plaintiffs in the actions listed on Schedule A (*State of New York* and *State of Ohio*) move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of South Carolina for inclusion in MDL No. 2873. Defendants 3M Company, Tyco Fire Products, LP, Chemguard, Inc., Buckeye Fire Equipment Company, National Foam, Inc., oppose both motions, while defendant Kidde-Fenwal, Inc, opposes the State of Ohio's motion.

The States assert substantially similar arguments in opposition to transfer. First, the States argue that their actions involve multiple sites at which groundwater allegedly has been contaminated with perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) that were contained in aqueous film-forming foams (AFFFs) used at nearby airports, military bases, or firefighting facilities. The States contend that their actions likely will expand to encompass more such sites in their respective jurisdictions, and that the site-specific issues in these cases will overwhelm the common factual issues in the MDL.

From the outset, this MDL has involved multiple contamination sites located in multiple states across the country. Indeed, this numerosity of locations and actions, and the lack of practicable alternatives to centralization to address the common factual and legal questions, was one of the reasons we centralized this litigation. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). That these two actions will add more contamination sites thus is not a persuasive reason to exclude them from the MDL. Furthermore, at least three contamination sites identified in these complaints (Stewart International Airport and Air National Guard Base, and Francis S. Gabreski Airport, both at issue in *State of New York*, as well as Wright-Patterson Air Force Base, at issue in *State of Ohio*) already are at issue in actions brought by non-state entities pending in the MDL. Transfer of these actions thus will reduce the potential for duplicative discovery and pretrial practice.

The States also argue that, if transferred, issues unique to their cases would predominate over the common issues in the MDL. These actions share a common factual core with the actions in the MDL—that AFFFs used at airports and firefighting facilities contaminated nearby drinking water supplies with PFOS and/or PFOA. That the States bring their claims as *parens patriae* or on behalf

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

-2-

of a public trust does not significantly diminish the factual overlap with the claims pending in the MDL. While they bring some unique claims, the States also assert claims sounding in strict products liability and negligence—claims already raised in MDL No. 2873 against the same AFFF manufacturer defendants that are litigating actions in the MDL. Given the significant overlap between the States' actions and those in the MDL, exclusion from the MDL likely would result in duplicative pretrial proceedings. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) ("[T]he presence of additional or differing legal theories is not significant when the actions still arise from a common factual core.").

Likewise, that defendants' potential government contractor defense may not be applicable to some sites identified by the States does not weigh against centralization.[1] Multiple contamination sites already at issue in the MDL involve non-military firefighting or industrial facilities, and thus also will not involve this defense. Transfer under Section 1407 does not require a complete identity of factual and legal issues when the actions, as they do here, arise from a common factual core. *See id.*

The States further contend they will suffer undue delay and prejudice if transferred to the MDL. This argument is not persuasive. We often have transferred claims brought by a State so long as the action involves facts common to the MDL proceeding.[2] Here, as discussed, the States' complaints arise from the same factual core as the actions in the MDL and will involve many of the same factual questions and discovery of the AFFF manufacturers. In fact, the State of New York already is a party in the MDL, as it is a named defendant in *City of Newburgh v. United States*, C.A. No. 2:18-03358 (D.S.C.). In any event, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might

---

[1] The States seemingly concede that the government contractor defense will be an issue as to at least some of the contamination sites they identify in their complaints. Moreover, the majority of contamination sites identified in plaintiffs' complaints appear to be active or former military facilities, which seemingly implicate the general contractor defense. To the extent plaintiffs argue that transfer is not warranted because they expect to amend their complaints to add non-military contamination sites, this argument is overly speculative.

[2] *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672, 2016 U.S. Dist. LEXIS 72644, at *3-4 (J.P.M.L. Jun. 3, 2016) (rejecting State of New Mexico's argument that the "unique nature of the action and the local impact of the cars' pollution" merited exclusion from the MDL); *In re Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig.*, MDL No. 2428, 2014 U.S. Dist. LEXIS 186187, at *4-5 (J.P.M.L. Dec. 11, 2014) (rejecting Louisiana Attorney General's argument that its action should not be transferred to MDL because of "unique" factual and legal issues, noting that "while plaintiff in *State of Louisiana* may seek different relief, its claims are based on the same underlying facts as the actions already in MDL No. 2428"); Transfer Order at 1-2, *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596 (J.P.M.L. Oct. 18, 2004), ECF No. 497 (transferring action brought by West Virginia Attorney General, despite distinct legal theories alleged, because the action contained facts common to the MDL).

experience inconvenience or delay.  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Ultimately, many of the States' objections to transfer stem from issues best addressed by the transferee court in the first instance.  Revealingly, the States alternatively request that, should the Panel transfer these actions to the MDL, we direct the transferee court to prioritize discovery and consideration of their objections to federal jurisdiction and the government contractor defense.  We deny this alternative request because the transferee court can best address these case management decisions.  As we stated in our initial centralization order:

> To the extent the actions entail unique factual or legal issues, the transferee court has the discretion to address those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice.  And, should the transferee court determine that continued inclusion of certain actions or categories of actions in the MDL no longer is appropriate, the transferee court may recommend Section 1407 remand of those actions in advance of other actions.

*In re Aqueous Film-Forming Foams*, 357 F. Supp. 3d at 1395 (citation omitted).  The States should raise their proposals for prioritizing certain issues with the transferee court.

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies.  The actions in the MDL share factual questions concerning the toxicity of PFOA and PFOS and the effects of these substances on human health; these substances' chemical properties and propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products.  *See id.* at 1394.  The State plaintiffs in the actions listed on Schedule A likewise assert claims against AFFF manufacturers relating to PFOA and PFOS contamination of groundwater drinking supplies, and their actions will entail many of the same factual questions presented in the MDL.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

                PANEL ON MULTIDISTRICT LITIGATION

                _____
                      Sarah S. Vance
                         Chair

Lewis A. Kaplan          R. David Proctor
Catherine D. Perry      Karen K. Caldwell
Nathaniel M. Gorton

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION          MDL No. 2873

## SCHEDULE A

<u>Northern District of New York</u>

STATE OF NEW YORK v. 3M COMPANY, ET AL., C.A. No. 1:18-01317

<u>Northern District of Ohio</u>

STATE OF OHIO v. 3M COMPANY, ET AL., C.A. No. 3:19-00120